**Margaret A. CONNER, Plaintiff–Appellant,**

v.

**Togo D. WEST, Jr., Secretary, Department of Veteran Affairs, Defendant–Appellee.**

No. 02–1442.

United States Court of Appeals, Sixth Circuit.

Jan. 30, 2003.

Before NELSON and CLAY, Circuit Judges; and HAYNES, District Judge.*

### ORDER

Margaret A. Conner, a Michigan resident proceeding pro se, appeals a district court judgment dismissing her civil rights action filed under Title VII of the Civil

Rights Act of 1964 (42 U.S.C. § 2000e, et seq.) and the Equal Pay Act of 1963 (29 U.S.C. § 206(d)(1)). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The facts underlying this lawsuit are adequately set forth in the district court's memorandum opinion, and will not be repeated herein. Suffice it to say that Conner is a former nurse at the Veteran Affairs Medical Center in Battle Creek. Michigan. Conner was convicted in the United States District Court for the Western District of Michigan of social security fraud following her August 29, 1996 guilty plea, and the Department of Veteran Affairs terminated her employment on March 28, 1997. Conner's complaint, filed June 16, 2000, and amended July 6, 2001, asserts breach of a July 28, 1994, settlement agreement between Conner and the Department of Veteran Affairs. The agreement settled a May 13, 1994, formal complaint of employment discrimination by Conner.

The only named defendant is the Secretary of the Department of Veteran Affairs. Conner sought monetary damages. The district court granted summary judgment for the defendant after concluding that (1) it lacked subject matter jurisdiction over Conner's claim for monetary damages; (2) no genuine issue of material fact exists on Conner's claim for non-monetary relief (*i.e.*, a request for reinstatement); and (3) Conner's Equal Pay Act claim is barred by the applicable statute of limitations. This timely appeal followed.

This court reviews a district court's grant of summary judgment de novo. *See*

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

*Doren v. Battle Creek Health Sys.,* 187 F.3d 595, 597 (6th Cir.1999). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Upon review, we conclude that the district court properly granted summary judgment to the defendant. The district court lacked subject matter jurisdiction over Conner's claim for monetary damages because the request for monetary damages is over $10,000. *See* 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1) ("Tucker Act"); *Midwest Knitting Mills, Inc. v. United States,* 950 F.2d 1295, 1301 (7th Cir.1991). Conner should have filed this action in the United States Court of Federal Claims. Additionally, the defendant is not a suable entity under the Tucker Act or even the Little Tucker Act, which permits suit only against the United States, not its agencies. *See* 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1); *Finley v. United States,* 490 U.S. 545, 552–53, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989); *see also Hughes v. United States,* 701 F.2d 56, 57 (7th Cir.1982).

■ The district court properly granted summary judgment on Conner's claims for non-monetary relief. Conner was never promised any particular result from audits of her records. Paragraph 3(e) of the settlement agreement is an integration clause, stating that the written agreement constitutes the entire agreement of the parties. Conner was not promised counseling and performance evaluations on any particular schedule. Notice of a single change of a day off, approximately one week in advance of that day off, is certainly "adequate" and does not approach the level of a "major" change in shift or duty assignment.

■ Finally, the district court properly concluded that Conner's Equal Pay Act claim was barred by the applicable statute of limitations. *See* 29 U.S.C. § 255(a); *Gandy v. Sullivan County, Tenn.,* 24 F.3d 861, 863 (6th Cir.1994). An Equal Pay Act claim based on a willful violation must be filed within three years of the accrual of the cause of action. *See Gandy,* 24 F.3d at 863. Conner's cause of action, if any, under the Equal Pay Act accrued in March of 1997, with her last paycheck by the defendant for work she actually performed. Conner was thus required to file her Equal Pay Act claim on or before March 28, 2000, to avoid being entirely time-barred. Furthermore, the Equal Pay Act prohibits discrimination on the basis of sex in the payment of wages. *See* 29 U.S.C. § 206(d)(1). The statute does not purport to address other types of discrimination. Conner's claim is non-sex-based.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.